

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Department of Agriculture
Austin, Texas

Gentlemen:

Attention: Mr. W. S. Bussey

Opinion No. O-2731
Re: What prepared flour special-
    ties are exempt from sales
    quantity requirement of Ar-
    ticle 1042a, V. A. P. C. ?

This will acknowledge receipt of your letter of January 11, 1941, requesting the opinion of this department as to the type of "flour specialties" exempt from the requirements of Article 1042a, V. A. P. C., which reads as follows:

"Sec. 1. That the standard measure of wheat flour and other cereal flour, except such cereals sold as grits, shall be packages containing net avoirdupois weights of three, six, twelve, twenty-four, forty-eight, ninety-eight, one hundred and forty, and one hundred and ninety-six pounds; that the standard measure of corn meal shall be packages containing net avoirdupois weights of one and one-half, two, five, ten, twenty, twenty-five, fifty, and one hundred pounds.

"Sec. 2. That it shall be unlawful for any person, firm, association, or corporation to pack for sale, sell or offer for sale in the State of Texas, any wheat flour, other cereal flour and corn meal except in packages (including barrels, sacks, cartons and other containers) of the above standard net weights.

"Sec. 3. That each package of wheat flour, other cereal flour and corn meal shall have the net weight, name of manufacturer (meaning the person, firm, association, or corporation which processes the wheat or other

Department of Agriculture, Page 2

cereal into flour, or which processes the corn
into meal) and the name of the place where mill-
ed printed or plainly marked on it in letters
and figures clearly readable; and that it shall
be unlawful for wheat flour, other cereal flour
or corn meal, to be packed for sale, offered
for sale or sold within the State of Texas un-
less it shall be so labelled.

"Sec. 4.    That the provisions of this Act
shall not apply to the retailing of wheat flour,
other cereal flour or corn meal direct to the
consumer from bulk stock, nor to sales of flour
to bakeries for use in such bakeries, nor to
the exchange of flour or meal for wheat or corn
by grist mills and other mills grinding for
toll for producers; and that nothing herein
contained shall be held to apply to any product
such as prepared pancake flour, cake flour or
other specialty packed and distributed in iden-
tified original package, the net contents of
which are five (5) pounds or less.

"Sec. 5.    That any violation of this Act
shall be a misdemeanor, and upon conviction
the offender shall be fined not less than
Twenty-five Dollars ($25) nor more than One
Hundred Dollars ($100) for each offense."
(Emphasis ours)

You state that:

"This Department, as well as food and drug
authorities, has construed the underscored por-
tions of Section 4 as meaning 'prepared pancake
flour, prepared cake flour, or other prepared
specialties.' In other words, we have construed
it to mean wheat flour or other cereal flour to
which has been added other ingredients; for in-
stance, a leavening agent, salt, sugar, shorten-
ing, powdered milk, flavoring, or other ingre-
dients which would prepare said flour for cook-
ing after the addition of water or milk only
by the user.

"We now are confronted with various pro-
ducts which the manufacturers thereof claim to

Department of Agriculture, Page 3

fall within this exemption; for instance, 'whole-wheat flour', packed in two pound cardboard cartons.  Said wholewheat flour being strictly a general purpose wholewheat flour with no other ingredients added, the company manufacturing same, claiming it to be a 'specialty.' -

"Now, the first question is, should this two pound package of general purpose 'whole-wheat flour' be exempt from the provisions of the Act because it is packed in a cardboard carton bearing the trade-mark and firm name of a particular mill, said mill claiming the package to be a 'specialty?'

"We have another package confronting us that contains 2 3/4 pounds of 'wheat flour'. This flour is recommended for several purposes and can be used for any purpose for which other high grade wheat flours can be used.  It is packed in a cardboard carton and labeled 'cake flour' but it is not a 'prepared cake flour' having additional ingredients added.  The claim of the manufacturer is  that it is exempt from the provisions of the act under the terms of Section 4.

"The second question is, should only 'prepared cake flour' be exempt from the provisions of the act or should any 'wheat flour' labeled by the manufacturer as 'cake flour' be exempt?

"The third question is, should only 'prepared specialties' be exempt from the provisions of the law or should any 'wheat flour' or 'other cereal flour' packed in containers of 5 pounds or less and declared by the manufacturer to be a specialty be exempt from the act?"

The answer to each of your questions will depend upon a proper interpretation of the exemption provided in Section 4 for "any product such as prepared pancake flour, cake flour or other specialty packed and distributed in the identified original package, the net contents of which are five (5) pounds or less."  The caption of the Act provides

Department of Agriculture, Page 4

for this exception in the following language, "and such prepared products of wheat or corn selling in less than five (5) pound lots."

The word "prepared" is defined by Webster as "made ready, fit, or suitable beforehand; adopted, ready, . . . ." It has been judicially defined in connection with goods as "putting them in a state for use," (People v. Wolen, 291 N. Y. Supp. 665, 666, 161 Misc. 286); or as goods which have been advanced from their raw or natural state towards the condition of their ultimate use. United States v. Conkey and Co., 12 Ct. Cust. App. 552, 555.

For example "prepared prunes" are prunes that are first dried then stewed in sugar syrup and finally sealed in cans. National Grocery Co. v. Pratt-Low Preserving Co., 170 Wash. 575, 17 Pac. (2d) 51, 52. "Prepared flour" may be "self-rising flour", that is, flour (wheat, buckwheat, corn) with baking powder and salt in the right proportions (Webster); or, flour with salt, soda, and phosphate added in proper proportions and properly mixed, used in making griddle cakes, biscuits, and other hot breads or cakes. Royal Baking Co. v. Federal Trade Comm. (C.C.A.) 58 Fed. (2d) 581, 582. As stated by the author of Experimental Cookery flour terminology has become confusing and, a specially prepared cake flour may be something entirely different.

Plain flour, wheat flour or white flour is the fine grained product obtained in the commercial milling of wheat, and consists essentially of the starch and glutten of the endosperm. Whole-wheat flour, entire-wheat flour, or graham flour is the product made by grinding wheat, and contains, in their natural proportions, all of the constituents of the cleaned grain. Definitions from Lowe, Experimental Cookery (2nd Ed., 1937), John Wiley and Sons, New York.

Flour may be made from either hard or soft wheat. "Cake Flour" is milled from soft wheat, generally a "short" patent and the granulation very fine. (Experimental Cookery.) Flour especially prepared for cakemaking need not necessarily contain added ingredients. The characteristics which merit its classification as a specialty, that is, cake flour, may result entirely from the refining process.

We believe that the phrase "prepared pancake flour, cake flour or other specialty" refers to wheat products and blends packed and distributed in identified original packages of five pounds or less which are prepared for special or limited uses. In addition, in order to meet the requirements of a "specialty", the manufacturer must hold the product out or offer it for such special or limited uses.

A "specialty" is defined by Webster as, "an object or class of objects distinguished by some special characteristic, individual quality, or the like; especially, a product,usually manufactured, of a special kind, made under a special patent, serving one special purpose, etc."

The qualities of a specialty as applied to flour may result not only from the process by which it is made (differing from the usual), and the consumer use toward which it is directed, but also from limitations upon consumer use.

It is well known that the consuming public buys considerably more "light" than "whole-wheat" flour. It is likewise true that whole-wheat specialties, flour and meal made from the whole grain, useful, for example, in making whole-wheat muffins or bread, spoils more quickly because of weavil infestation than refined flour, and purchases of such flour for moderate consumer use should be and are in relatively small quantities. See Wilmot and Batjer, Food For the Family, J. B. Lippincott Co., 1938.

Applying these tests, in answer to your first question, if the general purpose "whole-wheat flour" is otherwise exempt under Section 4 of Article 1042a of Vernon's Penal Code and is prepared for and held out to the public as a "specialty" it will be exempt from the size requirements of Section 1.

Likewise, in answer to your second question, if the "whole-wheat flour" there described is prepared for and held out to the public as a "cake flour", it will be exempt.

Your third question is a general one and can only be answered by applying the tests before given. If

a product is prepared for a special use or uses and is offered or held out to the public as such a "specialty" it may be so exempt.

APPROVED JAN 23, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

JDS:LM

Very truly yours

ATTORNEY GENERAL OF TEXAS

By James D. Smullen

James D. Smullen
Assistant